Felicia Yu (SBN 193316)
Email: fyu@reedsmith.com
Raffi L. Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
+1 213.457.8000 Phone
+1 213.457.8080 Fax

*Attorneys for Defendant Synchrony Bank, formerly known as GE Capital Retail Bank*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SOVATH,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; TRANSUNION, LLC; MARRIOTT OWNERSHIP RESORTS, IMC.; V.W. CREDIT, INC.; CAPITAL ONE FINANCIAL CORPORATION; NORDSTROM FSB; GENERAL ELECTRIC CAPITAL RETAIL BANK; TOYOTA FINANCIAL SERVICES AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No. 5:15-CV-03849-EJD<br><br>Assigned to Hon. Edward J. Davila<br><br>**DEFENDANT SYNCHRONY BANK'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[[*Proposed] Order lodged concurrently herewith*]<br><br>Date:     March 31, 2016<br>Time:     9:00 a.m.<br>Room:   4, 5th Floor<br><br>Complaint Filed:  August 24, 2015<br>Trial Date: None |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2016 at 9:00 a.m., or as soon thereafter as counsel may be heard in the above-captioned court, located at 280 South 1st Street, San Jose, California 95113, before the Honorable Edward J. Davila, defendant General Electric Capital Retail Bank, now known as Synchrony Bank ("Synchrony") will move, and hereby does move, pursuant to the Federal Rules of Civil Procedure 12(b)(6) for an order dismissing the Complaint filed by plaintiff Karen Sovath ("Plaintiff") for failure to state a claim on which relief can be granted. Further, Synchrony respectfully requests that Plaintiff's Complaint be dismissed without leave to amend.

    This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED:  November 2, 2015               REED SMITH LLP

By   /s/ Raffi L. Kassabian
      Raffi L. Kassabian
      Attorneys for Defendant Synchrony
      Bank

# Table of Contents

**Page**

I.    INTRODUCTION ........................................................................... 1

II.   FACTUAL ALLEGATIONS ............................................................ 2

III.  LEGAL ARGUMENT ..................................................................... 3

    A.    Legal Standard For Motion Under Rule 12(b)(6). ................................... 3

    B.    Plaintiff Fails To Meet The Pleading Requirements in the Federal Rules of Civil Procedure. ............................................................ 4

    C.    Plaintiff Fails To State A Cause Of Action For A Violation Of The FCRA Because Plaintiff Fails to Allege The Information That Was Inaccurately Reported by Synchrony. ...................................... 6

    D.    Plaintiff Fails To State A Cause Of Action For A Violation Of The Consumer Credit Reporting Agencies Act. ....................................... 8

    E.    Plaintiff's Cause of Action For A Violation Of The Unfair Business Practices Act Is Preempted By The FCRA. ............................... 9

    F.    Plaintiff Fails To State A Cause Of Action For A Violation Of The Unfair Business Practices Act. ................................................ 10

IV.   CONCLUSION ............................................................................ 10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Aaron v. Aguirre*,
  2007 WL 959083 (S.D. Cal. Mar. 8, 2007)...............................................................5

6

7
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................4

8

9
*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir. 1988) .....................................................................................3

10

11
*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................3, 4

12

13
*Campanelli v. Bockrath*,
  100 F.3d 1476 (9th Cir. 1996) ...................................................................................3

14

15
*Carvalho v. Equifax Information Services*,
  LLC, 629 F.3d 876 (9th Cir. 2010) ........................................................................7, 8

16
*Champlaie v. BAC Home Loans Servicing, LP*,
  706 F.Supp.2d 1029 (E.D. Cal. 2009) ....................................................................10

17

18
*Corazon v. Aurora Loan Servs.*,
  2011 WL 1740099 (N.D. Cal. May 5, 2011)..............................................................5

19

20
*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) .....................................................................................4

21

22
*Gauvin v. Trombatore*,
  682 F. Supp. 1067 (N.D. Cal. 1988)..........................................................................5

23

24
*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ............................................................................5

25
*Giovanni v. Bank of America N.A.*,
  2012 WL 6599681 (N.D. Cal. Dec. 18, 2012) ..........................................................7

26

27
*Gorman v. Wolpoff & Abramson, LLP*,
  584 F.3d 1147 (9th Cir. 2009) ...................................................................................6

28

*Howard v. Blue Ridge Bank*,
  371 F. Supp. 2d 1139 (N.D. Cal. 2005).....................................................................................9

*Iyigun v. Cavalry Portfolio Services, LLC*,
  No. cv-12-8682, 2013 WL 950947 (C.D. Cal. Mar. 12, 2013).................................7

*Klaizner v. Countrywide Financial*,
  2015 WL 627027 (D. Nev. 2015)...............................................................................7

*Kruse v. Experian Information Solutions, Inc.*,
  471 Fed. Appx. 714 (9th Cir. 2012) ...........................................................................7

*Littleton v. Experian Information Solutions, Inc.*,
  15-cv-01619, 2015 WL 4638308 (N.D. Cal. Aug. 4, 2015) ................................7, 8

*Marin v. Eidgahy*,
  2011 WL 2446384 (S.D. Cal. June 17, 2011) ...........................................................5

*Miller v. Bank of America Nat. Ass'n*,
  858 F. Supp. 2d 1118 (S.D. Cal. 2012) ......................................................................9

*Mortimer v. JP Morgan Chase Bank, N.A.*,
  2012 WL 3155563 (N.D. Cal. August 2, 2012) .........................................................7

*Nelson v. Chase Manhattan Mortg. Corp.*,
  282 F.3d 1057 (9th Cir. 2002) ...................................................................................6

*In re Sagent Tech., Inc.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003)......................................................................5

*Sheridan v. FIA Card Services, N.A.*,
  2014 WL 587739 (N.D. Cal. Feb. 14, 2014)..............................................................8

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .....................................................................................3

*Wagenaar v. Robison*,
  No. 2:13-CV-01202-APG, 2014 WL 4206703 (D. Nev. Aug. 22, 2014)..................4

**Statutes**

15 U.S.C. § 1681s-2...........................................................................................1, 6, 9

15 U.S.C. § 1681s-2(a) ...............................................................................................6

15 U.S.C. § 1681s-2(b) .................................................................................... 6, 7

15 U.S.C. § 1681t(b)(1)(F) ................................................................................. 9

Cal. Bus. and Prof. Code § 17200 ...................................................................... 2

Cal. Civ. Code § 1785.1 ..................................................................................... 2

Cal. Civ. Code § 1785.25(a) ............................................................................... 8

**Rules**

Fed. R. Civ. P. 8 ........................................................................................ 1, 3, 4, 5

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 3, 5

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 3, 4

Defendant General Electric Capital Retail Bank, now known as Synchrony Bank ("Synchrony"), by and through counsel, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

This action should be dismissed because Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff's Complaint fails to provide any detail about the Synchrony reporting that she alleges is objectionable and never actually alleges what reporting was inaccurate.   Instead, she complains simply that Synchrony, along with four additional defendants, reported "misleading and or inaccurate balances, past due balances, monthly payment, and or listing the accounts as open, transferred, in collections and or charged off rather than discharged in Bankruptcy."  (Compl. ¶ 24.) These generalized allegations made against multiple defendants fail to state a cognizable claim against Synchrony.  Plaintiff's threadbare Complaint fails to meet even the most basic pleading standards.  The allegations do not provide Synchrony, nor any other defendant, with sufficient detail to formulate a response.

As a result of her failure to meet the pleading requirements in Federal Rule of Civil Procedure 8, Plaintiff's first claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, must fail.  Plaintiff's additional theories of liability against Synchrony depend on the viability of her first theory.  As alleged here, Plaintiff's causes of action under the California Consumer Credit Reporting Agencies

Act (CCRAA), Cal. Civ. Code § 1785.1 *et. seq*., and the California Unfair Business Practices Act (UCL), Cal. Bus. and Prof. Code § 17200 *et. seq*., can only survive if Plaintiff properly pleads that the underlying reporting was in fact inaccurate.  Plaintiff fails to make that threshold allegation because she does not describe in any manner the specific reporting that Synchrony made that is inaccurate.  She alleges no additional facts that would support a claim either under the CCRAA or under the UCL.  Further, the UCL claim must be dismissed because it is preempted by the FCRA.  Therefore, Plaintiff's Complaint fails to state any claim and must be dismissed in its entirety with prejudice.

## II.    FACTUAL ALLEGATIONS

According to the Complaint, Plaintiff filed for Chapter 7 bankruptcy on February 28, 2011.  (Compl. ¶ 5.)  The Complaint does not allege if or when Plaintiff's debts were discharged in bankruptcy.  In April 2015, Plaintiff "noticed several tradelines all reporting misleading and or inaccurate balances or past due balances owed on the account and or listed the account as transferred and or charged off rather than discharged in Bankruptcy."  (Compl. ¶¶ 6-7.)

Plaintiff allegedly disputed these "inaccurate" tradelines with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC (collectively, the "CRAs").  (Compl. ¶ 8.)  Plaintiff, on information and belief, alleged that each CRA sent notice of the disputes to each of the other defendants.  (Compl. ¶ 9.)

Plaintiff alleges that Synchrony, along with six other defendants, reported

falsely to the CRAs "a misleading and or inaccurate balances or past due balances owed on the accounts, monthly payment, and or listed the accounts as open, transferred and or charged off rather than discharged in Bankruptcy."  (Compl. ¶ 10.)  Missing from Plaintiff's Complaint against Synchrony is any allegation that explains *what* was being reported and *how* it was being reported.  There is no allegation that Synchrony's reporting was factually inaccurate.

## III.   LEGAL ARGUMENT

**A.**    **Legal Standard For Motion Under Rule 12(b)(6).**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).   Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8.  The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering motions to dismiss, the court must accept all "allegations of material fact as true and construe them in the light most favorable" to the plaintiff.  *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

The court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v.*

*Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  *See also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("All allegations of material fact are taken as true and construed in the light most favorable to plaintiff.  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wagenaar v. Robison*, No. 2:13-CV-01202-APG, 2014 WL 4206703, at *2 (D. Nev. Aug. 22, 2014).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**B.     Plaintiff Fails To Meet The Pleading Requirements in the Federal Rules of Civil Procedure.**

Plaintiff fails to meet the requirements of the Federal Rules of Civil Procedure by failing to plead with the specificity required in Rule 8.  There are several paragraphs that contain general allegations directed at five defendants and which include a laundry list of potential violations separated often by "and[/]or."  (*See* Compl. ¶¶ 10, 25, 28.)  This pleading style – making generalized allegations against

multiple defendants without providing any differentiation or specific allegations as to

each individual defendant – violates Rule 8.  *See Corazon v. Aurora Loan Servs.,*

2011 WL 1740099, *4 (N.D. Cal. May 5, 2011) ("By failing to differentiate among

defendants or specify which defendant is subject to Plaintiff's various allegations,

Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide [defendant] with

fair notice of its alleged misconduct"), *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079,

1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do

not indicate which defendant or defendants were responsible for which alleged

wrongful act"); *Aaron v. Aguirre*, 2007 WL 959083 (S.D. Cal. Mar. 8, 2007)

("Undifferentiated pleading against multiple defendants is improper"); *Gauvin v.*

*Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the

basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure

8(a)(2), which required a short a plain statement of the claim to put defendants on

sufficient notice of the allegations against them"); *Gen-Probe, Inc. v. Amoco Corp.,*

*Inc.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996) ("[Rule 8] require[s] that the defendant

be given 'fair notice of what the plaintiff's claim is and the grounds upon which it

rests.' The plaintiff's shotgun approach is clearly deficient to serve either of those

purposes"); *Marin v. Eidgahy*, 2011 WL 2446384, *4 (S.D. Cal. June 17, 2011)

("Plaintiff's vague allegations that repeatedly group all defendants together under each

claim for relief are not sufficient").

Here, Synchrony does not know *what* it is alleged to have reported.  It may have been "balances" or "past due balances owed" or a "monthly payment."  (Compl. ¶ 10.)  Next, Synchrony does not know *how* its reporting was allegedly inaccurate.  It may be that it listed an account as "open" or "transferred" or "charged off."  (*Id*.)  Without the necessary factual information, these are nothing more than naked assertions that do not raise the right to relief above the speculative level.  Because the Complaint fails to state a cognizable claim, it must be dismissed.

## C.  Plaintiff Fails To State A Cause Of Action For A Violation Of The FCRA Because Plaintiff Fails to Identity The Information That Allegedly Was Inaccurately Reported by Synchrony.

The FCRA imposes obligations on persons or entities, such as creditors, that "furnish" information to credit reporting agencies and divides those obligations into two components.  *See* 15 U.S.C. § 1681s-2.  Under subsection (a) of Section 1681s-2, a furnisher has a duty to report "accurate information" to the credit reporting agencies.  *See id*.  Under subsection (b) of Section 1681s-2, a furnisher must conduct an investigation in response to a notice of dispute from a credit reporting agency.  *See id*.  Although furnishers have obligations under both subsections, only subsection (b) contains a private right of action.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).[1]

---

[1]  To the extent that Plaintiff is alleging that Synchrony violated section 1681s-2(a) of the FCRA, such allegation cannot be sustained given that there is no private cause of action for subsection (a).  *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

In order to state a claim under Section 1681s-2(b) the FCRA, a plaintiff must allege that the defendant in fact furnished inaccurate credit information.  *See Kruse v. Experian Information Solutions, Inc.*, 471 Fed. Appx. 714, 715 (9th Cir. 2012) (holding that inaccuracies in credit report were required to maintain FCRA claim); *Carvalho v. Equifax Information Services*, LLC, 629 F.3d 876, 890  (9th Cir. 2010) (holding that many courts, including the 9th Circuit, have imposed a requirement that an actual inaccuracy exist for a FCRA claim); *Klaizner v. Countrywide Financial*, 2015 WL 627027, at *5 (D. Nev. 2015) (holding that an element of an FCRA claim against a furnisher of credit information is an inaccuracy in the plaintiff's credit report); *Giovanni v. Bank of America N.A.*, 2012 WL 6599681, at *5 (N.D. Cal. Dec. 18, 2012) ("*Giovanni I*") ("The Court first considers whether [defendant] reported inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information"); *Mortimer v. JP Morgan Chase Bank, N.A.* ("*Mortimer v. Chase*"), 2012 WL 3155563, at *3 (N.D. Cal. August 2, 2012) ("This [FCRA] claim is insufficiently alleged because Mortimer has not asserted that [the bank] reported incomplete or inaccurate information in the first place.").

It is not enough for a plaintiff to merely allege that she disputes something being reported because such general allegations do not "sufficiently identify the inaccuracies of the alleged reporting."  *Iyigun v. Cavalry Portfolio Services, LLC*, No. cv-12-8682, 2013 WL 950947, *1 (C.D. Cal. Mar. 12, 2013).  *See also Littleton v. Experian Information Solutions, Inc.*, 15-cv-01619, 2015 WL 4638308, *2 (N.D. Cal.

Aug. 4, 2015) ("Plaintiff's unspecific allegations alluding to 'misleading and or inaccurate balances or past due balances owed' with regard to some unidentified account is not enough for [defendant] … to understand the basis for any potential liability").

The Complaint here is very similar to that which was dismissed in *Littleton*; in fact, that case was filed by the same counsel representing Plaintiff here.  Plaintiff's allegations do not sufficiently identify the alleged inaccuracies.  As such, Plaintiff fails to allege what Synchrony was reporting and how it was inaccurate.  This failure is fatal to her Complaint.  Plaintiff's FCRA claim must be denied for failure to state a claim.

**D.    Plaintiff Also Fails To State A Cause Of Action For A Violation Of The Consumer Credit Reporting Agencies Act.**

Plaintiff's second cause of action under the CCRAA is entirely dependent on the strength of her first argument, which, as explained above, must fail.  As a result, the CCRAA cause of action must also be dismissed.

Under the CCRAA, "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  "In determining whether an item of credit is inaccurate, the same test is applied under the FCRA and the CCRAA."  *Sheridan v. FIA Card Services, N.A.*, 2014 WL 587739, *6 (N.D. Cal. Feb. 14, 2014); *see also Carvalho v. Equifax*

*Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010).  Plaintiff never alleges that Synchrony's reporting was in fact inaccurate.  As described above, Plaintiff fails to allege what was inaccurate about Synchrony's reporting.  Without this, there can be no CCRAA violation.  As such, Plaintiff's second cause of action under the CCRAA must be dismissed.

**E.    Plaintiff's Cause of Action For A Violation Of The Unfair Business Practices Act Is Preempted By The FCRA.**

The FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under… (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(F).   The plain language of the statute "expresses Congress's intent to preclude state law claims against furnishers of information, and instead to subject them solely to the FCRA." *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005).  *See also Miller v. Bank of America Nat. Ass'n*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012) ("The district courts read the FCRA's preemption clause to preclude all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recover against furnishers of credit information to only the remedies provided under the FCRA").  Because "Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit," *Howard*, 371 F.

Supp. 2d at 1144, the California UCL is preempted.  As such, Plaintiff cannot sustain a cause of action under the UCL and it must be dismissed.

**F.      Plaintiff Also Fails To State A Cause Of Action For A Violation Of The Unfair Business Practices Act.**

Even if it were not preempted, the UCL claim is still not sustainable.  Plaintiff's third cause of action similarly relies on the general factual argument that Synchrony's reporting of Plaintiff's account without providing more detail about what made it inaccurate.  Plaintiff alleges that Synchrony violated the UCL because the acts and practices described elsewhere in the Complaint are unlawful under the CCRAA.  (See Compl. ¶ 63.)  This claim "merely conclusorily alleges the barest elements of an UCL claim, and directs defendant[] to scour the remainder of the complaint to determine which, if any, of the allegations incorporated by reference provide the basis for this claim."  *Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1062-63 (E.D. Cal. 2009).  Because Plaintiff's CCRAA claim fails, the UCL claim must fail as well.  As in *Champlaie*, the Complaint "fails to provide notice of the basis for any claim arising out of unfair or fraudulent business practices."  *Id*.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

DATED:  November 2, 2015

Respectfully submitted,

REED SMITH LLP

By     /s/ Raffi L. Kassabian
       Raffi L. Kassabian

*Attorneys for Defendant Synchrony
Bank, formerly known as GE Capita l
Retail Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 2, 2015.

DATED:  November 2, 2015

Respectfully submitted,

REED SMITH LLP

By    /s/ Raffi L. Kassabian
Raffi L. Kassabian
(SBN 260358)
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
rkassabian@reedsmith.com
+1 213.457.8000 Phone
+1 213.457.8080 Fax

*Attorneys for Defendant Synchrony
Bank, formerly known as GE Capita l
Retail Bank*